IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | MAG 07-110 |
| ) | |
| ADAM LYNN CUNNINGHAM, ) | |
| BONNELL HUGHES, ) | |
| RANDALL GARRETT COLE, ) | |
| JAMES RAY McELROY, and ) | |
| RAYMOND KIRK DILLARD, ) | |
| Defendants. ) | |

## DETENTION ORDER

A joint detention hearing was held for all of the above-named defendants.[1] Two federal agents testified for the government, and pre-trial services reports were presented to the court and the parties. Proffers were made by defense counsel.

This case involves illegal weaponry. The evidence showed that a search of the Hughes' residence found eighty-two fully-completed hand grenades, sixty-eight grenade launchers, and an automatic machine gun. A search of Cunningham's residence disclosed twenty-four finished grenades. (Over a hundred marijuana plants were found on the grounds of Hughes' property.) The evidence further showed that the various components of the

---

[1] Counsel for Dillard announced in court, before the hearing actually began, that Dillard did not contest the government's motion for detention because of an outstanding warrant from the Southern District. Upon inquiry, counsel further stated that he would not contest the government's motion in any event. (The evidence presented outlined Dillard's alleged offenses.)

grenades were assembled by the defendants. While all of the defendants were not involved in every stage of the assembly, the evidence showed that all of the defendants were involved and acted in concert. The defendants consider themselves a kind of militia, and each of the defendants has been assigned a military rank, from general to private.

The destructive potential of such firepower is obviously great and frightening to the public. The danger these defendants pose to the community, however, cannot be measured with certainty, as some of the evidence was vague on the defendants' intent. There was, however, unspecific talk about attacking illegal Mexicans. There was also testimony that there were orders to shoot if federal agents appeared.[2] Additionally, the weapons were hidden where it was thought they could not be found.

Considering all of the evidence, as well as the individual backgrounds of all of the defendants, in light of the factors set out in 18 U.S.C. 3142 (g), it is found that no condition or combination of conditions can be imposed upon the defendants' release which would reasonably assure their appearance in court as required and/or the safety of the community.

Wherefore, it is hereby ORDERED that the defendants be held without bond, pending disposition of this case.  It is further ORDERED that they be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, separate to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendants shall be afforded a reasonable opportunity for private consultations with counsel.  On order of this court or on request from an attorney for the United States, the

---

[2] Federal agents did come, and there was no resistance by any of the defendants.

person in charge of the corrections facility in which the defendants are confined shall deliver them to the United States Marshal for the purpose of appearance in connection with a court proceeding.

DONE this 2nd day of May, 2007.

_Robert R. Armstrong_
Robert R. Armstrong, Jr.
United States Magistrate Judge