PROB 12B
10/05

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF ALABAMA

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| **Name of Offender:** | Randall Garrett Cole |
| **Case Number:** | 4:07-CR-145-AKK-RRA-5 |
| **Name of Sentencing Judicial Officer:** | Honorable U.W. Clemon |
| **Name of Current Judicial Officer:** | Abdul K. Kallon |
| **Date of Original Sentence:** | September 11, 2007 |
| **Original Offense:** | Count 1: Conspiracy to Manufacture a Destructive Device (Grenades), in violation of 18 U.S.C.§ 371; Count 2: Conspiracy to Manufacture a Firearm (Silencer), in violation of 18 U.S.C.§ 371 |
| **Original Sentence:** | Custody of the Bureau of Prisons for a term of 37 months as to Counts One and Two, separately, with each count to run concurrently with the other, $200 special assessment, and 24 months supervised release with standard conditions adopted by the Court and the following special conditions: (1) DAICASP; (2) Mental health to include anger management/domestic violence counseling |
| **Type of Supervision** | Supervised Release |
| **Date Supervision Commenced:** | December 31, 2009 |

## Petitioning the Court

☐ To extend the term of supervision for years, for a total term of years.

☑ To modify the conditions of supervision as follows:

**Special Condition:**

(3)   The defendant shall serve five (5) months home detention, which may include electronic monitoring, under the administrative supervision of the probation officer.  The defendant shall pay the cost of monitoring unless the probation officer determines that the defendant does not have the ability to do so.

**PROB 12B**

| | 2 | Request for Modifying the |
| --- | --- | --- |
| | | Conditions or Terms of Supervision |
| | | with consent of the Offender |

**Name of Offender: Randall Garrett Cole**                                   Case Number: 4:07-CR-145-AKK-RRA-5

## CAUSE

### NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

**Violation Number:**   **Nature of Non-Compliance**

Condition 3:   On September 11, 2007, Randall Garrett Cole was ordered to submit a truthful and complete written report within the first five days of each month. Reports filed for January 2011, February 2011, March 2011, and April 2011, contained information which was not truthful, to wit: Cole reported he had no contact with a convicted felon when in fact, he had been associating with James Ray McElroy, a convicted felon and codefendant to Cole in the instant federal case. Both Cole and McElroy are under federal supervision with the undersigned officer.

Additionally, Cole did not report employment on a report filed for January 2011 and February 2011 when he was, in fact, working with an employer, along with codefendant James Ray McElroy, after Cole had been instructed not to do so.

Condition 4:   On September 11, 2007, Randall Garrett Cole was ordered to answer truthfully all inquiries by the probation officer and to follow the instructions of the probation officer.

Cole failed to answer inquiries from the probation officer truthfully in that on March 31, 2011, the undersigned officer, having received information that Cole and McElroy had been associating, asked Cole if he had been associating with McElroy. Cole twice denied any association with McElroy; however, after being asked a third time, Cole finally admitted he had associated with McElroy.

Cole failed to follow the instructions of the probation officer, in that on January 5, 2011, he was instructed not work for an employer, a home remodeling and repair contractor, who also employed codefendant James McElroy at the time. Cole had inquired about working for the same employer as McElroy. However, the undersigned officer instructed him not to do so because McElroy was a codefendant and due to the nature and circumstances of the instant federal case charge, it would not be advisable for them to work together. The undersigned officer told Cole that as a last resort, such employment may be considered, but is was unlikely that it would be approved due the overall concerns. Despite being instructed not to do so, Cole admitted he had worked periodically for the same employer, along with McElroy in or about January and February 2011.

Condition 6:   On September 11, 2007, Randall Garrett Cole was ordered to work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons. Cole failed to work regularly at a lawful occupation without being excused by the probation officer for schooling, training, or other acceptable reasons, in that he was terminated from his last employment, where he also lived with his employer, after it was alleged, and Cole admitted, that Cole was involved in an inappropriate relationship with his employer's wife.

**PROB 12B**

| | 3 | Request for Modifying the<br>Conditions or Terms of Supervision<br>with consent of the Offender |

**Name of Offender: Randall Garrett Cole**   Case Number: 4:07-CR-145-AKK-RRA-5

Condition 10:   On September 11, 2007, Randall Garrrett Cole was ordered not to associate with any persons convicted of a felony unless granted permission to do so by the probation officer. In or about the months of December 2010, January 2011, February 2011, and March 2011, Cole associated with James Ray McElroy, a convicted felon and codefendant in the instant federal case, without having been granted permission to do so by the probation officer. Cole and McElroy both admitted to the undersigned probation officer that they had associated with each other in or around the aforementioned months while working for the same employer. They also admitted associating with each other after Cole was terminated from his employment, in that McElroy accompanied Cole to their former employer's home to retrieve some of Cole's items. Cole and McElroy both indicated they went to their former employer's home together in case there was any trouble.

In later discussions, Cole told the undersigned probation officer that he and McElroy were close to each other, and Cole allowed the undersigned probation officer to view his cellular phone, which showed McElroy saved as a regular contact.

Mr. Cole has admitted all of the aforementioned violations to the undersigned officer. Mr. Cole is amenable to the proposed modification of his supervision as a sanction for the non-compliance outlined above. He has signed a Waiver of Hearing (attached) after his right to a hearing was explained to him thoroughly.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On:   April 22, 2011

/s
J. Guy Heflin, Jr.
Senior U.S. Probation Officer
(256) 547-5722) (Ext 3)

Approved By:   /s
David A. Russell
Deputy Chief U.S. Probation Officer

PROB 12B

                                                    4                                              Request for Modifying the
Conditions or Terms of Supervision
with consent of the Offender

**Name of Offender: Randall Garrett Cole**                    Case Number: 4:07-CR-145-AKK-RRA-5

---

**THE COURT ORDERS**

- [ ] No Action
- [ ] The Extension of Supervision as Noted Above
- [x] The Modification of Conditions as Noted Above
- [ ] Other

Date: April 26, 2011

                                                              */s/ Abdul K. Kallon*
                                                              **ABDUL K. KALLON**
                                                          UNITED STATES DISTRICT JUDGE